IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| MELISSA SIMBECK, | ] |
| --- | --- |
| Plaintiff, | ] |
| vs. | ] Case No: |
| GRAPHIC PACKAGING INTERNATIONAL, INC. | ] JURY DEMAND |
| Defendants. | ] |

## COMPLAINT

Comes now the Plaintiff, Melissa Simbeck, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*; the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, *et seq*., and common law claims for Workers Compensation Retaliation, Tenn. Code Ann. § 50-6-114. Plaintiff intendeds to amend this complaint to allege violations of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq*., when she receives a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").

2. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

4. The claims asserted in this action arose in Lawrence County, Lawrenceburg, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, Melissa Simbeck, is an adult female individual and citizen of the United States who resides in Lawrence County, Leoma, Tennessee.

6. At all relevant times, Plaintiff was an employee of Graphic Packaging International, Inc. (hereinafter referred to as "Defendant"), within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(2)(A); the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, *et seq.,* and common law claims for Workers Compensation Retaliation, Tenn. Code Ann. § 50-6-114.

7. Defendant is a for-profit foreign corporation or similar business entity and regularly conducts business at 2006 Liberty Avenue, Lawrenceburg, Tennessee.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant from August 17, 1998 until December 7, 2017.

10. Plaintiff started with Defendant in the position of "utility."

11. Approximately six (6) months into her employment, Plaintiff was promoted to an "Assistant I."

12. Approximately one (1) year later, Plaintiff was promoted to "Assistant II."

13. Plaintiff held the title of "Assistant II" for the remainder of her employment.

14. In addition to holding the title of "Assistant II," Plaintiff filled in as the Die Cutting Operator for the last two years of her employment.

15. As a Die Cutting Operator, Plaintiff's duties required her to make periodic adjustments to the Die Cutter to ensure quality.

16. The Die Cutters are supposed to have a safety curtain and safety sensors installed.

17. Defendant knew the Die Cutters were supposed to have safety curtains and safety sensors.

18. One of Defendant's Die Cutters, Die Cutter 10, had a safety curtain and safety sensors installed.

19. Upon information and belief, Defendant's maintenance department had the necessary tools and equipment to install safety curtains and safety sensors on all Defendant's Die Cutters at the Lawrenceburg plant.

20. The purpose of the safety curtain and safety sensors is to prevent injuries by preventing the Cutter from cycling if the sensors are breached.

21. On December 2, 2017, while performing needed adjustments to Die Cutter 6, Plaintiff suffered a work-related injury.

22. Specifically, Plaintiff suffered numerous fractures to her hand requiring surgical intervention, as well as muscle and nerve damage.

23. Had the safety curtain and safety sensors been installed on Die Cutter 6, the machine would not have been able to cycle while Plaintiff's hand was in the machine.

24. Approximately one (1) to two (2) weeks after Plaintiff's injury, safety curtains and safety sensors were installed on all Die Cutters at Defendant's Lawrenceburg plant.

25. Plaintiff timely reported the work-related injury to her team lead, Nolan Curtis.

26. Despite the seriousness of her injuries, Plaintiff was required to work the next day, December 3, 2017.

27. Plaintiff was required to work on December 3, 2017 so her injury would not be listed as a "Lost Time Injury."

28. On Tuesday, December 5, 2017, Plaintiff had surgery to insert pins in her hand.

29. Plaintiff returned to work on Wednesday, December 6, 2017, but was subsequently suspended and sent home.

30. On Thursday, December 7, 2017, Plaintiff was terminated.

31. Defendant informed Plaintiff she was terminated for a "safety violation" and because of a prior work-related injury approximately five (5) years earlier.

32. Defendant could not tell Plaintiff what "safety violation" she allegedly committed.

33. Defendant never trained Plaintiff on proper operation of the Die Cutter.

34. Defendant never provided Plaintiff with a policy or procedure related to safe operation of the Die Cutter.

35. Plaintiff operated the Die Cutter in the manner in which she had been trained by the former Die Cutting Operator, Mitch Wills.

36. Defendant's claim that Plaintiff committed a "safety violation" is pretext.

37. Plaintiff was terminated based on her actual and/or perceived disability and in retaliation for seeking workers compensation.

38. Upon suffering her work-related injury, Plaintiff was not offered leave under the Family Medical Leave Act or apprised of the option to utilize FMLA leave.

39. Upon learning of her upcoming surgery, Defendant failed to offer Plaintiff FMLA leave or apprise her of the option to utilize FMLA leave.

## COUNT I – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

40. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

41. Plaintiff alleges Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

42. Plaintiff alleges she was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as she had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

43. Plaintiff alleges there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

44. Plaintiff alleges Defendant interfered with Plaintiff's attempt to exercise of her right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

45. Plaintiff alleges that Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

46. Defendant, in terminating Plaintiff's employment prior to exercising her rights to FMLA, willfully violated the anti-interference provisions of the FMLA, 29 U.S.C. § 2615.

47. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT II- VIOLATION OF THE TENNESSEE DISABILITY ACT

48. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

49. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

50. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the Tennessee Disabilities Act (T.C.A. § 8-50-103).

51. Plaintiff suffered from a disability or was perceived by Defendant to be suffering from a disability.

52. Defendant terminated Plaintiff because of her disability and/or perceived disability.

## COUNT III- WORKERS COMPENSATION RETALIATION

53. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

54. Plaintiff was an employee of Defendant and suffered an on the job injury within the scope of her employment;

55. Plaintiff made a claim against the Defendant for workers' compensation benefits;

56. The Defendant terminated Plaintiff's employment; and

57. The claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the Plaintiff's employment.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of wages that Plaintiff should have received under the state and federal law but for Defendant's willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(1)(A); and

(2) all reasonable attorney's fees, costs and interest pursuant to state and federal law;

(3) the sum of money determined by the Jury to be sufficient to compensate her for the damages complained of herein;

(4) all punitive damages; and

(5) any such other legal or equitable relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT LAW GROUP**


**/s/ G. BRANDON HALL**
**JONATHAN A. STREET, BPR No. 021712**
**G. BRANDON HALL, BPR No. 034027**
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632

*Attorneys for Plaintiff*